**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

February 10, 2022

Mark S. Casarino, Esquire
White & Williams LLP
Courthouse Square
600 North King Street, Suite 800
Wilmington, Delaware 19801

Kevin M. Gallagher, Esquire
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

RE: *Tygon Peak Capital Management, LLC v. Mobile Investments Investco, LLC, et al.,*
Civil Action No. 2019-0847-MTZ

Dear Counsel:

I write in response to the motion for reargument (the "Motion") filed by defendant Mobile Investments Investco, LLC ("Investco") and opposed by plaintiff Tygon Peak Capital Management, LLC ("Tygon Peak").[1] The Motion asserts the Court's January 4 memorandum opinion on the defendants' motion to dismiss (the "Memorandum Opinion")[2] misapprehended the facts applicable to its discussion of Count IV. I agree. For the reasons that follow, the Motion is granted and Count IV is dismissed. I write for the parties and those familiar with the Memorandum Opinion, using the terms defined therein.

---

[1] Docket Item ("D.I.") 104; *see also* D.I. 107.

[2] *Tygon Peak Cap. Mgmt., LLC v. Mobile Invs. Investco, LLC*, 2022 WL 34688 (Del. Ch. Jan. 4, 2022) [hereinafter "Memo. Op."]. As in the Memorandum Opinion, citations in the form "SAC" refer to Plaintiff's Verified Second Amended Complaint, available at D.I. 79.

Count IV alleges a breach of Section 5.10(a) of the Investco LLC Agreement.[3] That provision requires supermajority consent for Investco to "enter into, amend or modify any agreement or transaction between the LLC and any Manager, or Member, or any Affiliate of any of them."[4] The Investco LLC Agreement goes on to define "Affiliate":

> "Affiliate" means, with respect to any Person: (i) ***any other Person directly or indirectly controlling, controlled by or under common control with such Person***; and/or (ii) any spouse, ancestor, child (including by adoption) or other lineal descendant, sibling or in-law of such Person or of any other Person (who is a natural person) who is an Affiliate of such Person and described in clause (i) above.[5]

In denying the motion to dismiss Count IV, I concluded that exercising the Option required Investco to enter into an "exchange agreement" with KMD Weiss, and with the noteholder Voice Comm L.L.C. ("Noteholder").[6] Investco does not take issue with this conclusion.

---

[3] *See* SAC ¶ 192.

[4] *Id.* Ex. B. § 5.10(a).

[5] *Id.* App. A at B-1 (emphasis added). "Person" is defined to include both natural people and entities. *See id.* App. A at B-4 ("'Person(s)' means any individual(s) who is (or are) a natural person, partnership(s), limited liability company (or companies), limited liability partnership(s), limited partnership(s), corporation(s), trust(s) and any other association or legal entity."). The Investco LLC Agreement does not define "control."

[6] *See* Memo. Op. at *19. As explained *infra*, the Memorandum Opinion inadvertently conflated Noteholder with Voice Comm.

But I also concluded KMD Weiss and Noteholder were Affiliates, such that an agreement between Investco and either Noteholder or KMD Weiss triggered Section 5.10(a).[7]  Investco has helpfully pointed out my errors in characterizing KMD Weiss and Noteholder.  Fixing these errors means those entities are not Affiliates, such that Investco's agreement with them does not trigger the supermajority consent requirement.

First, as to KMD Weiss, the Memorandum Opinion concluded its participation in the Exchange Agreement triggered Section 5.10(a) because it was a member of Investco.[8]  That characterization was incorrect.  KMD Weiss is not a member; rather, it owns an interest in Mobile alongside Investco.[9]  The figure below, which also appeared in the Memorandum Opinion, illustrates that relationship:[10]

---

[7] *See id.*

[8] *See id.*

[9] *See id.* at *3.

[10] *Id.*



Nevertheless, Tygon Peak contends KMD Weiss's participation triggers Section 5.10(a) because KMD Weiss is controlled by Investco and thus is still Investco's "Affiliate."[11] Tygon Peak surmises that Investco controls KMD Weiss because Investco controls Voice Comm, Weiss is Voice Comm's CEO, and Weiss controls KMD Weiss.[12] Assuming Section 5.10(a) is triggered if Investco's counterparty is an Affiliate of Investco itself, and assuming a broad construction of

---

[11] D.I. 107 ¶ 9. Tygon Peak invokes links with Voice Comm, Weiss, and KMD Weiss, but none of these are an Investco manager or member. Tygon Peak does not appear to assert KMD Weiss is an Affiliate of an Investco Member or Manager. *See id.*

[12] *See id.* (arguing Investco controls KMD Weiss "through Derek Weiss" because of Weiss's positions at KMD Weiss and Voice Comm).

the word "control," Tygon Peak does not plead this theory of indirect control anywhere in its complaint, and so that theory cannot hold up Count IV.[13]

Tygon Peak's theory of control is also unsupported. Tygon Peak has offered no support for the conclusion that Weiss, as Voice Comm's CEO, is controlled by Investco, one of Voice Comm's investors.[14] Nor has Tygon Peak supported the conclusion that Weiss, as controller of KMD Weiss, acts only in service to Voice Comm as its CEO. Tygon Peak has offered no basis to conclude that Investco controls KMD Weiss, and has offered no other grounds to conclude KMD Weiss is an Affiliate. And so, Tygon Peak has failed to plead that an agreement between Investco and KMD Weiss triggers Section 5.10(a).

Second, as to Noteholder, the Memorandum Opinion concluded it was an Affiliate by equating it with Investco's operating entity, Voice Comm LLC.[15] I agree with Investco and Tygon Peak that I erred in conflating those two entities:

---

[13] *See P&TI Acq. Co. v. Morgenthaler P'rs VII, LP*, 2019 WL 2070449, at *5 (Del. Super. May 9, 2019) (granting a motion to dismiss for failure to plead breach of a provision requiring satisfaction of the definition of "Affiliates" where the plaintiff failed to adequately plead that entities were under common control by an individual holding ownership interests and managerial authority at both entities).

[14] Indeed, Weiss' entity, KMD Weiss, invested in Mobile alongside Investco. *See* Memo. Op. at *3.

[15] *See id.* at *19.

Noteholder (Voice Comm L.L.C.) is a separate entity, which was later renamed VC Weiss Investments, LLC.[16] Tygon Peak does not dispute this difference.[17]

Nevertheless, Tygon Peak contends Noteholder is an Affiliate because it is controlled by Investco. Again, Tygon Peak asserts that Noteholder is owned by Weiss; that Weiss is the CEO of Voice Comm, which Investco controls; and that Weiss is also on Mobile's board.[18] All of these connections to Weiss are undisputed, but again, they fail to make Noteholder an Affiliate of an Investco member or manager, or an Affiliate of Investco itself. For those reasons, the Motion is **GRANTED**. Insofar as it asserts a claim that exercising the Option breached Section 5.10(a), Count IV is **DISMISSED**.

I also write to resolve the dispute over the order implementing my decisions in the Memorandum Opinion.[19] Tygon Peak has not yet shown good cause for an

---

[16] D.I. 104 ¶ 6; D.I. 107 ¶ 6.

[17] D.I. 107 ¶ 6. Yet Tygon Peak's pleading appears to conflate the two entities as well. *See* SAC ¶ 192 ("Similarly, in connection with the acquisition of the Tessco Assets, Investco breached Section 5.10 of the Investco LLC Agreement by failing to obtain Supermajority Approval before resolving to: exercise the Option together with KMD Weiss and Voice Comm, both of which are affiliates of Investco[.]").

[18] *See id.* ¶ 7.

[19] *See* D.I. 108; D.I. 109.

extraordinary dismissal without prejudice under Court of Chancery Rule 15(aaa).[20]

If Tygon Peak believes it can do so, it must file a motion within twenty days of this letter. Otherwise, I will look for a stipulated order reflecting the Memorandum Opinion and this letter.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc: All Counsel of Record, via *File & ServeXpress*

---

[20] *See* Ct. Ch. R. 15(aaa) ("In the event a party fails to timely file an amended complaint or motion to amend under this subsection (aaa) and the Court thereafter concludes that the complaint should be dismissed under Rule 12(b)(6) or 23.1, such dismissal shall be with prejudice (and in the case of complaints brought pursuant to Rules 23 or 23.1 with prejudice to the named plaintiffs only) unless the Court, for good cause shown, shall find that dismissal with prejudice would not be just under all the circumstances."); *see also, e.g.*, *Ryan v. Buckeye P'rs, L.P.*, 2022 WL 389827, at *15 (Del. Ch. Feb. 9, 2022) (discussing Rule 15(aaa)'s "good cause" standard).